No. 15,022.

FOX *v.* THE PEOPLE.
(130 P. [2d] 695)

Decided September 14, 1942.   Rehearing denied November 2, 1942.

Mr. FRANK ENGLAND, for plaintiff in error.

Mr. GAIL L. IRELAND, Attorney General, Mr. H. LAW-RENCE HINKLEY, Deputy, Mr. JAMES S. HENDERSON, Assistant, for the people.

*In Department.*

MR. JUSTICE BAKKE delivered the opinion of the court.

Fox, plaintiff in error, defendant below, was found guilty of larceny as bailee and sentenced to the penitentiary for a period of not less than four nor more than eight years. He seeks reversal on a writ of error. Reference will be made to him as defendant.

The circumstances which led to defendant's arrest, as disclosed by the record, are, that about March, 1938, he became acquainted with Hattie B. Foster, an elderly widow, in Colorado Springs, and in April, 1940, "undertook some business transactions" for her in way of liquidating some of her property and investing the proceeds "in producing royalties." Part of her property consisted of certificate No. 391 of the Insurance Plan Liquidating Corporation of Los Angeles, California, which on June 28, 1940, was of the value of $119.89.

A few days prior to the last mentioned date she turned the certificate over to defendant and instructed him to obtain a release on it from the State Inheritance Tax Department, which the company in California had advised her was necessary before it could be transferred. At about the same time defendant had become indebted to one Nibeck on an oil lease transaction in New Mexico, and to settle this account he obtained the widow's endorsement of said certificate without disclosing to her his intended use of it, and turned it over to Nibeck. The transaction between defendant and Nibeck is evidenced by two receipts given to Nibeck which are not challenged. Some time in July defendant called on Mrs. Foster and obtained from her twenty dollars which he represented was necessary to consummate a deal which he had pending for her in Julesburg. Nothing was said about the certificate at that time or at the time he visited her on business the latter part of July and she never saw him after that time until he was arrested. Nibeck, in the meantime, had discovered that the certificate did not belong to defendant, and turned it over to the chief of police a few days prior to defendant's arrest. Although Mrs. Foster's testimony was not entirely accurate, considering her advanced age—seventy-nine—we think it was fairly and honestly given and such inconsistencies as appear are immaterial. Furthermore the judgment is not based upon her evidence alone, for, so far as the essential elements of the crime charged are concerned, her testimony was fully corroborated by that of Nibeck, the chief of police, and defendant himself who, although he did not sign it, made the following statement at the time of his arrest: "I told him [Nibeck] if he wanted to accept it [the certificate], I would see if I could make some kind of a proposition with Mrs. Foster," and later when questioned on the stand as to the correctness of that statement he said, "I assume it to be correct." The evidence clearly was sufficient to sustain the verdict.

■ 2. Defendant's assignment No. 8 is based principally upon the court's refusal to permit him to testify concerning all of his dealings with Mrs. Foster. There is no merit in this assignment because the other deals had no connection with the selling of the certificate in question. Defendant admitted that he had not settled with Mrs. Foster on the other transactions, and the court announced during the introduction of the people's rebuttal evidence, "I will permit you now to go into anything that has any connection with this case." No evidence was tendered under this permission which in any way would tend to exonerate defendant, except that concerning his offer to account to the widow for what he had received. We might suggest in passing that almost any person faced with a similar criminal prosecution would probably be willing to make a similar offer.

■ 3. The motion for a new trial was based largely on an affidavit executed by Edith Smith wherein was recited the alleged agreement between defendant and Mrs. Foster. There is nothing new in the affidavit. The testimony given at the trial covered most of its contents and apparently the jury gave that particular evidence little consideration. No error was committed in denying the motion for a new trial.

No authorities are cited by counsel for defendant to sustain his legal contentions, and a careful consideration of the entire record discloses no material error. We are of the opinion that defendant was accorded a fair and impartial trial and that the verdict and judgment are fully sustained by the evidence.

The judgment is affirmed.

Mr. Chief Justice Young, Mr. Justice Burke and Mr. Justice Hilliard concur.